UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURA SKZYNEAR,

      Plaintiff,

v.                                          Case No.  8:16-cv-3174-T-24 JSS

KIA MOTORS FINANCE,

      Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Stay.  (Doc. No. 12). Plaintiff opposes the motion.  (Doc. No. 19).  As explained below, Defendant's motion is denied.

## I.  Background

Plaintiff filed suit against Defendant, alleging that Defendant violated the Telephone Consumer Protection Act ("TCPA") and the Florida Consumer Collection Practices Act. Specifically, with regards to her TCPA claim, Plaintiff alleges that Defendant called her cell phone in attempt to collect a debt from her.  She contends that Defendant made some of the calls using an automated telephone dialing system ("ATDS") and some calls using an artificial or pre-recorded voice.  Finally, she alleges that she revoked her consent for Defendant to make calls to her cell phone using an ATDS, pre-recorded voice, or artificial voice.

## II.  Motion to Stay

Defendant filed the instant motion to stay this case, arguing that this case should be stayed until to D.C. Circuit Court of Appeals issues its decision in ACA International v. Federal Communications Commission, 15-1211, in which the appellate court heard oral argument on the petition to review the FCC's Declaratory Ruling and Order on October 19, 2016.  Defendant

argues that the decision in that case will affect key issues in the instant case, including the definition of an ATDS, the definition of a predictive dialer, and the method by which a consumer can revoke her prior express consent (if at all). Plaintiff opposes the stay and cites this Court's decision in Sliwa v. Bright House Networks, LLC, 2016 WL 3901378 (M.D. Fla. July 19, 2016), in support.

This Court has reviewed the thorough and well-reasoned decision is Sliwa that addresses a motion to stay based on the D.C. Circuit's case. As explained by this Court in Sliwa:

> Even assuming this Court is bound to follow the result reached by the D.C. Circuit, until that court issues its opinion, the FCC's Final Order "has the force of law" in this Court. . . . Staying this case because the Circuit Court *may* conclude that FCC incorrectly interpreted the TCPA is the *opposite* of affording the Final Order deference. Granting a stay premised on the contention that the FCC got it wrong could, in fact, amount to a constructive "refus[al] to enforce an FCC interpretation" – an action this Court is expressly prohibited from taking . . . .
>
> [Furthermore, after the Circuit Court issues its decision,] that decision will likely be appealed to the Supreme Court. If the Supreme Court agrees to hear the case, it will be at least another several months before it issues an opinion, which opinion could disagree with the Circuit Court's holding and either vacate or reinstate the FCC's conclusions. In short, the indefinite length and uncertain outcome of the appeal substantially weigh against [staying this case] . . . .

Id. at *4 (citations omitted). This Court agrees with the decision in Sliwa that a stay is not appropriate in this case.

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Stay (Doc. No. 12) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of January, 2017.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record

2